# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHNNY BASS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>POTTAWATOMIE COUNTY PUBLIC )<br>SAFETY CENTER, et al., )<br>)<br>Defendants. ) | Case No. CIV-06-397-M |

## ORDER

Before the Court is Plaintiff's Motion for Attorney Fees and Pre- and Post-Judgment Interest and Brief in Support [docket no. 162], filed April 7, 2010. On April 27 and 28, 2010, defendant Pottawatomie County Public Safety Center ("Safety Center") filed its responses, and on April 28 and April 29, 2010, plaintiff filed his replies. Based upon the parties' submissions, the Court makes its determination.

In March 2010, a three day jury trial commenced against defendants Jerry Goodwill ("Goodwill") and the Safety Center. The jury returned a verdict in favor of plaintiff on his claim against the Safety Center, and in favor of defendant Goodwill on plaintiff's separate claim against the officer. On plaintiff's claim against the Safety Center, the jury awarded damages in the amount of $330,000. Plaintiff now moves for an award of attorney fees in the amount of $122,641.00 for 422.9 hours expended in this litigation as well as pre- and post-judgment interest.

I.   Attorney Fees

Plaintiff asserts that he is entitled to an award of attorney fees as the prevailing party in litigation against defendants. Notably, the Safety Center does not dispute that plaintiff is entitled to an award of attorney fees where he prevailed against the Safety Center. Rather, the Safety Center

contends that plaintiff prevailed in part, only on his claim against the Safety Center and plaintiff, therefore, is not entitled to those attorney fees attributable to the separate claim against defendant Goodwill. Irrespective of whether plaintiff prevailed against all parties, plaintiff asserts that he prevailed on the significant issues in the litigation. Plaintiff contends that a significant amount of time was devoted to pursuing the litigation as a whole, *e.g.*, establishing a violation of plaintiff's constitutional rights regardless of whether defendant Goodwill would have been a defendant or not.

The Supreme Court has prescribed the following: "liability on the merits and responsibility for fees go hand in hand; where a defendant has not been prevailed against, either because of legal; immunity or the merits, § 1988 does not authorize a fee award against that defendant." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Applying this principle, the Court finds that plaintiff has not prevailed against defendant Goodwill, and therefore, is not the prevailing party on that claim. The Court has identified 39.50 hours specifically spent on the prosecution of plaintiff's case against defendant Goodwill, and this time should be separated from those attorney fees allowed to plaintiff as the prevailing party.

While the Safety Center does not dispute that plaintiff is entitled to attorney fees as to the remaining claim, the Safety Center asserts the award of attorney fees should be reduced for the failure of plaintiff's counsel to keep meticulous, contemporaneous time records, the simplicity of the case, and based on an unwarranted amount of hourly compensation.

Attached to his motion supporting an award of attorney fees, plaintiff attached ten (10) pages of time records setting forth both the date and times spent on various tasks. Among the time entries is a reimbursement request for forty (40) hours of undifferentiated attorney work under the category of "Trial Prep." The Safety Center contends this listing falls short of the meticulous,

contemporaneous time records required to support an award of attorney fees.

It is true that counsel seeking an award of attorney fees "must keep meticulous, contemporaneous time records to present to the court upon request." *Ramos v. Lamm*, 713 F.2d 546, 553 (10th Cir. 1983), *overturned on other grounds*, 483 U.S. 711, 725 (1987). The *Ramos* Court also provided as follows:

> We recognize that in the instant case, and in other cases pending in this Circuit, some lawyers will not have kept contemporaneous time records. We do not forbid, retrospectively, the use of reconstructed time records and do not demand that the reconstructed hours be arbitrarily reduced. We impute no evil motive to lawyers who reconstruct their time records, but we believe that reconstructed records generally represent an overstatement or understatement of time actually expended. Even with the aid of pleadings, memoranda, and phone bills, lawyers often forget small increments of chargeable time such as telephone calls or short conferences with other counsel. On the other hand, lawyers who remember spending the entire day working on a case are likely to overstate the hours worked by forgetting interruptions and intrusions unrelated to the case.

*Id.*, at fn. 2.

Having reviewed the instant time records, the Court imputes no evil motive to plaintiff's counsel on the forty (40) hours asserted as time expended on preparation for trial. Even though this single category does not detail the time expended on each specific area of trial prep, "[t]he law does not require the district court to reduce its fee award where it finds no difficulty in evaluating the propriety of an attorney's billing." *Crumpacker v. Kan., Dept. of Human Resources*, 474 F.3d 747, 756-57 (10th Cir. 2007). "Nor is there a requirement that district courts announce what hours are permitted for each legal task." *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, 1202 (10th Cir. 1986). When the time records are reviewed in their entirety, the Court finds that the time records represent the number of hours reasonably spent by plaintiff's counsel, including those hours

expended for trial. The documentation of hours is, therefore, sufficiently adequate for an award of attorney fees.[1]

Next, is the issue of whether this § 1983 case is sufficiently complex, or the result obtained warrant a fully compensable fee. While plaintiff asserts that this case is complex, the Tenth Circuit has observed the "volume of litigation indicates that civil rights litigation has become a common specialty." *Ramos*, 713 F.2d at 555. However, "[t]here remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of results obtained. This factor is particularly crucial where a plaintiff is deemed prevailing even though he succeeded on only some of his claims for relief." *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

While this case is not particularly complex, the Court finds that plaintiff's counsel did achieve favorable results such that an award of attorney fees should not be reduced as to either basis. This case, in particular, involved more than one dispositive motion as well as Tenth Circuit appellate work that substantially advanced plaintiff's claims upon which he prevailed. On these grounds, the Court finds that an award of attorney fees, without a reduction for its level of complexity or results obtained, would serve the purpose and spirit of civil rights litigation. *See id.*, at 429 ("[t]he purpose of § 1988 is to ensure effective access to the judicial process for persons with civil rights grievances.... Accordingly, a prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.").

As related to an award of attorney fees, the final issue is whether the requested hourly

---

[1] The Court notes that plaintiff's counsel represents that he does not seek fees for activities in which the hours could not be ascertained with a reasonable degree of certainty, *e.g.*, email between counsel, legal assistant time in preparing various materials, and time spent by previous counsel prior to them withdrawing. These small increments of time may serve to understate the amount of time actually spent by plaintiff's counsel on this litigation.

compensation of $290 is warranted. To determine a reasonable hourly rate, the Tenth Circuit sets forth the following:

> The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time. If the lawyer seeking the fee is in private practice, his or her customary rate would be a relevant but not conclusive factor. The hourly rate should be based on the lawyers' skill and experience in civil rights or analogous litigation. Lawyers working outside their fields of expertise may deserve an hourly fee lower than their normal billing rate because of their lack of experience in the civil rights field. Salaried public interest firm lawyers should be assigned a billing rate equal to their counterparts in expertise in private practice. The quality of the lawyer's performance in the case should also be considered in placing a value on his or her services.

*Ramos*, 713 F.2d at 555.

Here, plaintiff's counsel is a private practice attorney with more than twenty years of experience in trying a variety of cases, including cases of this nature. Plaintiff submitted an affidavit from Joan Renegar testifying that "a fee of $290.00 per hour for lawyers with more than twenty years of experience practicing in federal court in complex litigation is reasonable in this jurisdiction." Motion, Exhibit 3. The Safety Center counters that the prevailing market rate for cases of this type is $200 per hour. Further, the Safety Center contends the issues in this case were straightforward, the parties were few (by the time of trial), and the trial was short.

While an attorney hourly rate of $290 per hour trends towards the high end for § 1983 litigation in this market, the Court finds that the quality of plaintiff's counsel's performance in this case, and the results he obtained for his client on an interlocutory appeal, were favorable. Moreover, this case was pending for over three (3) years until the resolution by jury trial. In light of the length of the case, the tenacity of plaintiff's counsel, and evidence concerning hourly attorney rates in this

district, the Court concludes that the hourly rate asserted by plaintiff is reasonable.

On the matter of attorney fees to award to plaintiff's counsel, the Court awards the amount of $111,186.00 which reflects a reduction of $11,455 for time expended on litigation as related to defendant Goodwill.

II.     Pre- and Post-Judgment Interest

Plaintiff requests an award of pre- and post-judgment interest. On the issue of pre-judgement interest, "[a] two step analysis governs the determination of such an award. The district court must first determine whether the award of prejudgment interest will serve to compensate the injured party. Second, even if the award of prejudgment interest is compensatory in nature, the district court must still determine whether the equities would preclude the award of prejudgment interest." *Caldwell v. Life Ins. Co. of N. Am.*, 287 F.3d 1276, 1286 (10th Cir. 2002)(internal citations and quotations omitted).

Here, the parties dispute whether pre-judgment interest should be awarded on plaintiff's medical bills, where $215,365.09 in medical bills has been incurred and remains unpaid. The Safety Center contends to award interest on this amount of the $330,000 verdict would not serve a compensatory purpose, but rather, would represent a windfall to plaintiff. Yet, the Safety Center provides no authority for its premise that incurred medical bills represent an item of damage falling outside the realm of compensatory damages.

Having reviewed the parties' submissions, the Court finds that the jury determined the total amount of compensatory damages is $330,000, pursuant to the compensatory damages jury instruction, that obviously includes the medical expenses claimed by plaintiff. The Court finds the award of prejudgment interest serves a compensatory function, in that it compensates plaintiff for

the loss of bargaining power in payment of these bills as there exists a lien on the proceeds of this litigation. The Court also concludes that the award is eminently fair because it is an essential component of full compensation to plaintiff. The Court, therefore, sees no reason to exclude this portion of compensatory damages from an award of prejudgment interest.

Furthermore, as the Safety Center "has no quarrel with the rates chosen by Plaintiff" should the Court determine that plaintiff should be awarded interest on the full verdict of $330,000, the Court finds that pre-judgment interest should be, and hereby is, awarded to plaintiff in the amount of $70,985.19, as based on the prime rate.[2]

As the Safety Center does not appear to object to plaintiff's request for an award of post-judgment interest, the Court finds that plaintiff is entitled to an award of post-judgment interest pursuant to 28 U.S.C. § 1961.[3]

---

[2]The Court would note that the amount of pre-judgment interest awarded, $70,985.19, is less than the Safety Center's determination of the prejudgment interest amount of $71,221.00.

[3] Should the parties dispute the amount of post-judgment interest owed, the Court will resolve the amount upon appropriate motion.

III. Conclusion

Accordingly, the Court GRANTS IN PART and DENIES IN PART the instant motion as follows:

1. The Court GRANTS IN PART and DENIES IN PART the instant motion as related to attorney fees and awards plaintiff's counsel attorney fees in the amount of $111,186.00;

2. The Court GRANTS the instant motion as related to pre-judgment interest and awards pre-judgment interest in the amount of $70,985.19; and

3. The Court GRANTS the instant motion as related to an award of post-judgment interest.

**IT IS SO ORDERED this 27th day of August, 2010.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE